UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MURAD ENTERPRISES, LLC, et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-CV-34-MMA-BLM<br><br>**ORDER ON APPLICATION FOR APPEARANCE AND EXAMINATION REGARDING ENFORCEMENT OF JUDGMENT** |

　　　　Pending before the Court is Chris Langer's ("Judgment Creditor") Application for Appearance and Examination Regarding Enforcement of Judgment ("Application") against Alan Murad, CEO of Murad Enterprises, LLC ("Judgment Debtor"). (Doc. No. 22.) Having reviewed and considered the Judgment Creditor's Application, the Court finds it is neither procedurally[1] nor statutorily compliant. Accordingly, the Court DENIES the Application without prejudice and explains below.

/ / /

---

[1] Civil Local Rule 5.1(a) requires Parties in this District to file all submissions in pleading form. The Judgment Creditor's Application does not constitute a submission in pleading form and thus is procedurally defective.

On June 2, 2020, the Court issued an order directing the Clerk of this Court to enter judgment against Defendants Murad Enterprises, LLC and M Fuel II, Inc. ("Defendants") jointly and severally and in favor of Plaintiff Chris Langer in the amount of $8,865.50, consisting of $4,000.00 in statutory damages; $4,307.50 in attorneys' fees; and $558.00 in costs. (Doc. No. 16.) On that same day, judgment was entered against Defendants accordingly. To date, the Judgment Debtor has not made payment to satisfy the judgment to any extent. Accordingly, on January 5, 2023, the Judgment Creditor filed the instant Application, which is ripe for this Court's adjudication. (Doc. No. 22.)

Rule 69 of the Federal Rules of Civil Procedure authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. Proc. 69 (a)(1). "The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. Accordingly, in ruling on a judgment creditor's Application, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in sections 680.010 through 724.260 of the California Code of Civil Procedure.

In pertinent part, section 708.110 of the California Code of Civil Procedure ("section") governs the Judgment Creditor's Application here. Sub-part A of the section provides "the judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court… to furnish information to air in enforcement of the money judgment." Cal. Civ. Proc. Code § 708.110(a). Here, the Application seeks to compel the Judgment Debtor's appearance and furnishment of "information to aid in [the] enforcement of the money judgment or to answer concerning property or debt." (Doc. No. 22, 1.) Accordingly, Court finds the Judgment Debtor's stated purpose of filing his Application is consistent with California Code of Civil Procedure section 708.110(a).

Sub-part B of the section separately indicates a judgment debtor examination is appropriate "if the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days." Cal. Civ. Proc. Code § 708.110(b). Here,

the Application implies the Judgment Creditor has not caused the Judgment Debtor to appear for a judgment debtor examination in the preceding 120 days because the Judgment Creditor did not check the box on the Application stating, "The judgment debtor has been examined within the past 120 days." (Doc. No. 22, 1.) For this reason, the Court finds the Application appears to comply with section 708.110(b) but cautions the Judgment Creditor to affirmatively indicate so in his anticipated forthcoming motion on this matter.

Despite its compliance with section 708.110, the Application fails to satisfy California Code of Civil Procedure section 708.160(c). Section 708.160(c) makes clear the Judgment Creditor must establish venue in the county in which the Judgment Debtor resides or maintains a place of business. Cal. Civ. Proc. Code § 708.160(c). Here, the Application is silent on the Judgment Debtor's residence or place of business. Under Rule 45(b)(2) of the Federal Rules of Civil Procedure, such address must be in the county or within 150 miles of the place of examination. Fed. R. Civ. P. 45(b)(2). For this omission of material fact, the Court DENIES the Application without prejudice.

**IT IS SO ORDERED.**

Dated: January 6, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge